IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KRETA KIM STRAUGHN,            )
                               )
                    Plaintiff, )
                               )
            v.                 )    1:14CV200
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of Social Security, )
                               )
                    Defendant. )

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kreta Kim Straughn, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

I.      PROCEDURAL HISTORY

Plaintiff filed her application for Disability Insurance Benefits on July 14, 2010, alleging a disability onset date of July 1, 2009. (Tr. at 117-23.)[1] Her application was denied initially and upon reconsideration. (Tr. at 57-86.) Thereafter, Plaintiff requested a hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 87-88.) On August 3, 2012, Plaintiff attended the subsequent hearing, along with her attorney and an impartial vocational expert. (Tr. at 12). The ALJ ultimately issued a decision finding that Plaintiff was not disabled under the meaning of the

---

[1] Transcript citations refer to the Sealed Administrative Transcript of Record [Doc. #7].

Act (Tr. at 20), and on January 2, 2014, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 1-5).

II.     LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of . . . review of [such an administrative] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the

2

[ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472 (internal brackets omitted). "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[1]

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of

---

[1] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

3

disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first two steps, and establishes at step three that the impairment "equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations," then "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must assess the claimant's residual function[al] capacity ('RFC')." Id. at 179.[2] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80.

---

[2] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that pursuant to the administrative regulations, the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

4

However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

III. DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since her alleged onset date. She therefore met her burden at step one of the sequential evaluation process. At step two, the ALJ further determined that Plaintiff suffered from the following severe impairments: degenerative disc disease with neuropathy, status post cervical fusion, migraine headaches, arthritis, left toe drop, Parkinson's disease, and obesity. (Tr. at 14.) The ALJ found at step three that these impairments did not meet or equal a disability listing. Thereafter, the ALJ assessed Plaintiff's RFC and found her capable of performing sedentary work with the following additional restrictions:

> She can stand or walk about two hours per eight-hour workday and can sit six hours per workday. [Plaintiff] must use a cane for balance if walking more than across the room, and must have a thirty-minute stretch break after sitting. She can occasionally push and pull with both lower extremities, occasionally handle and finger with her left upper extremity, and frequently, but not constantly, handle and finger with her right upper extremity. [Plaintiff] is unable to climb

5

> ladders, ropes or scaffolds and can occasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl. She is unable to work with concentrated exposure to hazards, and can only perform simple, routine, tasks secondary to pain and her mental limitations.

(Tr. at 15.) At step four of the analysis, the ALJ found, based on the testimony of a vocational expert, that Plaintiff's past relevant work exceeded her RFC. (Tr. at 18.) However, the ALJ determined at step five that Plaintiff could perform other jobs that exist in significant numbers in the national economy and, therefore, that Plaintiff was not disabled. (Tr. at 19-20.)

Plaintiff now argues that the ALJ erred at step five of the sequential analysis in two respects: (1) by failing to include a limitation to simple, routine tasks in his hypothetical question to the vocational expert, and (2) by failing to obtain a reasonable explanation for conflicts between the vocational expert's testimony at step five and the occupational information contained in the Dictionary of Occupational Titles ("DOT"). (Pl.'s Br. [Doc. #11] at 1-3.) Plaintiff also raises challenges to the ALJ's treatment of the medical evidence, arguing that the ALJ improperly weighed the opinion of Dr. Holt, and that the ALJ "made medical determinations beyond the scope of his authority." (Pl.'s Br. at 16-19.) As discussed below, because Plaintiff's contention regarding the omission of her mental limitations at step five clearly merits remand, the Court need not address additional issues at this time.

The Fourth Circuit has long recognized that, "[i]n order for a vocational expert's opinion to be relevant or helpful, it must be . . . in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Here, Defendant acknowledges that the ALJ's hypothetical questions omitted Plaintiff's RFC limitation to simple, routine tasks. (See Tr. at 49-51.) Nevertheless, Defendant argues that such

6

an omission was harmless "because Plaintiff cannot show that a limitation to simple routine tasks would have produced a different response from the [vocational expert]." (Def.'s Br. [Doc. #13] at 11.)[3] In particular, Defendant contends that the jobs identified by the expert involved unskilled work which adequately accounted for Plaintiff's mental limitations. (Id.)

Defendant's argument is not well taken. This Court has specifically held that simple, routine work is not synonymous with unskilled work. See, e.g., Boler v. Colvin, No. 1:10CV451, 2013 WL 5423647 (M.D.N.C. Sept. 26, 2013) ("[I]t is clear that 'simple, routine, repetitive work is a narrower category (meaning greater limitations) than unskilled work' in general. . . . Accordingly, whether or not unskilled work squares with a claimant's particular mental limitations presents a fact-specific determination."); McClendon v. Astrue, No. 1:10CV411, 2012 WL 13525 (M.D.N.C. Jan. 4, 2012); Hayes v. Colvin, No. 1:10CV379, 2013 WL 2456111, *7 (M.D.N.C. June 6, 2013); see also Walls v. Astrue, No. 1:11CV318, 2013 WL 954361, at *4 (W.D.N.C. Feb. 22, 2013) (unpublished) adopted in 2013 WL 951583, at *1 (W.D.N.C. Mar. 12, 2013) (unpublished); Powell v. Astrue, No. 6:09–cv–0900–JFK–WMC, 2010 WL 3168308, at *16 (D.S.C. May 4, 2010) (unpublished) adopted in 2010 WL 3168310, at *3–4 (D.S.C. Aug. 10, 2010) (unpublished); Teeter v. Astrue, No. 3:12–CV–190–GCM, 2012 WL 5405531, at *2–3 (W.D.N.C. Nov. 6, 2012) (unpublished); Vuxta v. Comm'r of Soc. Sec., 194 Fed. App'x 874, 878 (11th Cir. 2006); Frye v. Astrue, No. 1:11–CV–1019, 2012 WL 1831548, at *23 (N.D. Ohio Apr. 9, 2012) (unpublished) ("This Court agrees that the set of jobs that comprise the category of 'unskilled' jobs are not identical to the set of jobs that comprise the category of 'simple,

---

[3] Defendant's argument ignores that fact that, at step five of the sequential analysis, the burden is on the Commissioner to prove that the claimant can perform other work. Hines, 453 F.3d at 563.

7

routine' jobs and that not every job that is 'unskilled' is also 'simple, routine and repetitive.' ") adopted in 2012 WL 1831537, at *1 (N.D. Ohio May 18, 2012) (unpublished)); Lyles v. Colvin, 2015 WL 1931398, at *16 (D.S.C. Apr. 28, 2015) ("The undersigned recommends the court find the VE's testimony does not constitute substantial evidence in support of the Commissioner's decision. The ALJ neglected to include a limitation to simple, routine, and repetitive work in the hypothetical question posed to the VE, but he included those limitations in his assessment of Plaintiff's RFC and relied on the jobs identified by the VE to the incomplete hypothetical. . . . Although the Commissioner argues the jobs identified by the VE would allow for the restriction to simple, routine, and repetitive work, that conclusion is not apparent from the administrative record.").

Because the ALJ in the present case did not specify to the vocational expert that Plaintiff was limited to simple, routine tasks, the expert may have identified jobs, even unskilled jobs, that he would not have identified had he been presented with a complete hypothetical question. See Powell, 2010 WL 3168308, at *16; Frye, 2012 WL 1831548, at *23. Accordingly, the ALJ's omission rendered his finding at step five, and thus his disability determination as a whole, unsupported by substantial evidence.[4]

---

[4] The Court also notes that the RFC indicated that Plaintiff could "only perform simple, routine, tasks secondary to pain and her mental limitations." (Tr. at 15, 18.) The "mental limitations" identified by the ALJ included "mild limitations with concentration, persistence or pace." (Tr. at 15.) However, in its recent decision in Mascio v. Colvin, the Court of Appeals for the Fourth Circuit specifically held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Mascio, 780 F.3d 632, 638 (4th Cir. 2015) (internal quotation marks omitted). In the present case, the ALJ included Plaintiff's mental limitations in the RFC, but did not address how the RFC's limitation to "simple, routine" tasks addressed his finding of "mild limitations with concentration, persistence or pace." Thus, it appears that the ALJ's decision may also run afoul of the recent decision in Mascio, and on remand those matters can be further considered and addressed by the ALJ. See Mascio, 780 F.3d at 638 (noting that "because the ALJ here gave no explanation, a remand is in order").

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for proceedings consistent with this Recommendation. To this extent, Defendant's First Motion for Summary Judgment [Doc. #12] should be DENIED, and Plaintiff's Motion for Judgment on the Pleadings [Doc. #10] should be GRANTED. However, to the extent that Plaintiff's motion seeks an immediate award of benefits, it should be DENIED.

This, the 20th day of July, 2015.

       /s/ Joi Elizabeth Peake
       United States Magistrate Judge